# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHIRLEY PENROD,

      Plaintiff,                    :        Case No. 3:11-cv-004

                                            District Judge Thomas M. Rose
    -vs-                                 Magistrate Judge Michael R. Merz

                                  :

JAMES WANSACK, et al.,

      Defendant.

## REPORT AND RECOMMENDATIONS

       This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

(A) the allegation of poverty is untrue; or

(B) the action or appeal --

(i) is frivolous or malicious;

(ii) fails to state a claim upon which relief can be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact.

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

Plaintiff Shirley Penrod brings this case to complain of racial discrimination in employment, leading to her wrongful termination. Plaintiff does not state the substantive law basis for her claim – that is, whether she is suing under Ohio or federal law. Nor does she state a jurisdictional baiss for her claim.

If the Plaintiff is attempting to sue under Ohio law, she cannot bring her claim in federal court because there is not complete diversity of citizenship: several of the Defendant are alleged to be Ohio residents, as is the Plaintiff. On the other hand, if she is intending to bring her claim under federal law (Title VII of the 1964 Civil Rights Act), there are two deficiencies in her Complaint:

1. She has not named her employer, which appears to have been a government contractor named PE Ssytems, as a defendant, she has only named supervisors and co-workers. But under Title VII only the employer is liable, not supervisors. An individual may not be held

2

liable for damages under Title VII unless he or she is an employer within the meaning of the statute. *Wathen v. General Electric Co.,* 115 F.3d 400, 406, (6th Cir. 1997)

2. Plaintiff has also not said anything about exhaustion of administrative remedies. Under Title VII, suit cannot be filed until a claim has been filed with the EEOC and that agency has issued a right to sue notice. 42 U.S.C. §2000e-5(f)(1); *United Air Lines v. Evans,* 431 U.S. 553 (1977); *Pauling v. Secretary of the Dep't of the Interior,* 160 F.3d 133 (2nd Cir. 1998); *Puckett v. Tennessee Eastman Co.*, 889 F. 2nd 1481, 1486 (6th Cir. 1989).

Accordingly, it is respectfully recommended that the Complaint herein be dismissed without prejudice:

1. For lack of subject matter jurisdiction as to any Ohio law claims; and

2. For failure to state a claim upon which relief can be granted for any federal law claims.

If Plaintiff believes she can cure the noted deficiencies, she has the right to file an amended complaint at any time before the objections deadline.

The Clerk shall not issue process pending further order of the Court.

January 5, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and

Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).