# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHIRLEY PENROD,

                Plaintiff,                :        Case No. 3:11-cv-004

                                            District Judge Thomas M. Rose

        -vs-                            Magistrate Judge Michael R. Merz

                                    :

JAMES WANSACK, et al.,

                Defendant.

---

## ORDER

---

       This action is before the Court for review prior to issuance of process.   Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.  28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (I) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25 (1992);  *Neitzke v. Williams*, 490 U.S. 319 (1989).   In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong.  Rather the test is an objective one:

does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984).  The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

Plaintiff Shirley Penrod brings this case to complain of racial discrimination in employment, leading to her wrongful termination. In her original Complaint, she named individual co-workers and supervisors and was unclear as to the basis of jurisdiction.  The Magistrate Judge recommended dismissal without prejudice or filing an amended complaint.

Ms. Penrod has now filed an Amended Complaint which names only employers and shows she has exhausted administrative remedies with the EEOC[1].  Accordingly, the original Report is WITHDRAWN .  Upon receipt of the appropriate forms from Plaintiff, the Clerk may issue process to The Analytic Sciences Corp. (TASC) and P.E. Systems Corporation.  Upon presentation of completed USM Form 285's, the Clerk shall deliver summons and copies of the Amended Complaint to the Marshal who shall make service thereof.

January 21, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[1]The corporate identity of the employers and of the entity named in the EEOC Complaint may or may not match.

2